UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT D. SANGO,

                     Plaintiff,                      Case No. 1:14-cv-343

v.                                        Honorable Paul L. Maloney

UNKNOWN NOVAK,

                     Defendant.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and he will pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## **Factual Allegations**

Plaintiff Robert D. Sango is incarcerated by the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). Defendant is ICF law librarian "Unknown" Novak. In his *pro se* complaint, Plaintiff alleges the following:

> Progressively as I have been litigating, and filing motions in my criminal case (which I am acting in Pro Per) Law Librarian Novak has been creating hurdles, then completely stopping my access to law books (as I'm in segregation) not sending addresses to lawyers or Defendants' business addresses (ie. Michigan Corrections Organization) and not making copies (never returning originals or copies), in retaliation for litigation.

(Compl., docket #1, Page ID#1.) Plaintiff then lists nine other cases that he has filed in federal court, including six that are still "active" in the district court, and one that is pending on appeal.  Four of Plaintiff's cases were filed in 2014, one was filed in 2013, two were filed in 2012, and the other two were filed several years earlier.  (*See id.*)

In a declaration filed with the complaint, Plaintiff asserts that ICF staff are trying to "subvert" his court cases, which resulted in an order issued by the District Court for the Eastern District of Michigan "for them to stop." (Pl.'s Decl., docket #4.)  Plaintiff further alleges that Novak has retaliated against him "for filing papers in federal an[d] state court and winning motions," by "not sending legal mat[]erials, sending [Plaintiff] books once a week, and everyone else books twice a week . . . but still not sending what [Plaintiff] ordered."  (*Id.*)

Also pending before the Court is Plaintiff's motion for a temporary restraining order, in which he requests an order requiring Novak to provide Plaintiff access to specific law books, including the following:

1) Mich. Court Rules 2014
2) Mich. Criminal Law and Procedure vol 20:18-20:110

3) Fed. R. Civ. P. 2014
4) Mich. Digest: Fed. R. Civ. P.
5) Civ. Jud. Pro. and Rules: 2014
6) Mich. Digest: Appeals

(Pl.'s Mot. for TRO, docket #2.)  Plaintiff also requests an order requiring Novak to provide him

with the address for "Mich. Corrections Organization," who is a defendant in case no. 1:14-cv-164

(W.D. Mich.).  (*Id.*)

In another motion (docket #3), Plaintiff asks the Court to compel the MDOC to

produce a copy of his prison account statement, because Plaintiff needs it for another case.

**Discussion**

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice.").  The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A. Retaliation

Plaintiff claims that Novak has retaliated against him for pursuing litigation in state and federal court. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged

retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987).  "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'"  *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening).  Plaintiff merely alleges the ultimate fact of retaliation, supported only by cursory descriptions of his protected activity and Defendant's allegedly retaliatory conduct.  He has not presented sufficient facts to support a reasonable inference that Defendant Novak took an adverse action against him that was motivated by Plaintiff's protected conduct.  Accordingly, Plaintiff fails to state a retaliation claim against Defendant Novak.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

- 5 -

### B.  Access to Courts

Plaintiff also alleges that Novak has been creating "hurdles" in his criminal case by stopping his access to law books, not sending addresses, not making copies of Plaintiff's documents, and not sending copies of the legal books that Plaintiff ordered.  It is well established that prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners.  *Id.* at 817.  The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them."  *Id.* at 824-25.  The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts.  *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.  In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts

- 6 -

frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3).

Plaintiff has not alleged any injury to a non-frivolous legal claim.  Indeed, he does not describe any cause of action that Defendant's actions have prejudiced, let alone one that is not frivolous.  His allegations are, thus, wholly inadequate to state a claim.

II.   Motions

Because Plaintiff's complaint fails to state a claim, and will be dismissed for that reason, his pending motions are moot.  Moreover, the relief requested in his motions is unjustified. To the extent that Plaintiff requests copies of law books and/or an address, he has not identified any reason why he needs them, let alone established that the Court should intervene to compel Novak or the MDOC to provide them.  In addition, to the extent that Plaintiff needs certain information or documents in connection with another case, he should present his request in that case.  Thus, the motions will be denied.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  In addition, his pending motions for a temporary restraining order (docket #2) and to compel production of documents (docket #3) will be denied.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated: April 23, 2014                              /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   Chief United States District Judge

- 8 -